UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BLACKWELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> MVMT LLC, <br><br> Defendant. | Case No. 24-cv-1257 (JMC) |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendant MVMT LLC (MVMT)'s motion to dismiss and/or compel arbitration, ECF 3, and renewed motion to dismiss, ECF 12. For the reasons stated below, MVMT's motion to compel arbitration is granted and its motions to dismiss are denied without prejudice.

**I. BACKGROUND**

On March 29, 2024, Plaintiff Anthony Blackwell, Jr., proceeding pro se and in forma pauperis, filed a civil complaint in the Superior Court for the District of Columbia against his former employer, MVMT, ECF 1-1, a delivery service partner that contracts with Amazon to provide local delivery services, ECF 3-2 ¶¶ 1, 3 (Cantwell-Badyna Decl.). Plaintiff appears to bring a disability discrimination claim against MVMT. ECF 1-1 at 6. He alleges that, on September 5, 2023, he was "injured at work," and that despite providing MVMT with an "injury report" and a doctor's note recommending he work "light duty" his request for light duty was denied and he was terminated. *Id.* at 2–3. He then filed a charge with the U.S. Equal Employment Opportunity

1

Commission. *Id.* at 2. He demands $25,000 to compensate for his medical bills and missed rent, as well as an unspecified award for workers' compensation. *See id.*

On April 29, 2024, MVMT removed Plaintiff's case to this Court. ECF 1. On May 6, 2024, MVMT filed the pending motion to dismiss and/or compel arbitration. ECF 3. Defendant attached to its motion an arbitration agreement that Plaintiff signed and accepted on May 25, 2023, as a condition of his employment, ECF 3-4, as well as a supporting declaration from an Amazon employee who reviewed the electronic records and confirmed that Plaintiff accepted the agreement, ECF 3-2. According to the terms of the arbitration agreement, "all past, current, and future grievances, disputes, claims, issues, or causes of action . . . arising out of or relating to . . . employment with the Company or termination thereof" "shall be submitted to individual binding arbitration." ECF 3-4 at 1. The arbitration agreement specifically includes claims under the "Americans with Disabilities Act or similar statutes" and "injuries [the employee] believe[s] are attributable to the Company" as covered claims requiring arbitration. *Id.*

On May 7, 2024, the Court entered an order directing Plaintiff to respond to MVMT's motion by June 7, 2024, or risk that the Court may rule on that motion or dismiss the case without his input. ECF 4 at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). That deadline elapsed with no response from Plaintiff, so on July 19, 2024, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute by August 16, 2024. ECF 6. On August 15, 2024, Plaintiff filed a response opposing dismissal of his case and explaining his allegation that Defendant "illegally fired" him. ECF 8 at 1. Plaintiff's response did not include any arguments concerning—or even discussion of— the arbitration agreement at issue in Defendant's motion. *See id.*

On October 25, 2024, MVMT filed a motion to dismiss for lack of prosecution arguing that Plaintiff failed to respond to MVMT's motion to dismiss and/or compel arbitration or to the Court's order to show cause. ECF 9. On the same date, the Court directed Plaintiff to file a response to MVMT's motion by November 25, 2024, or again risk that the Court may rule on that motion or dismiss this matter without his input. ECF 10 at 1–2 (citing *Fox*, 837 F.2d at 509). On November 27, Plaintiff filed a response to MVMT's motion to dismiss for lack of prosecution, again broadly contending that this matter should not be dismissed because he could provide evidence to support his claims about his termination. ECF 11. Again, Plaintiff's filing made no reference to any arbitration agreement.

On December 3, 2024, the Court denied MVMT's motion to dismiss for lack of prosecution without prejudice because, despite MVMT's contentions, Plaintiff had filed a response to Defendant's motion to compel arbitration. *See* Dec. 2, 2024 Minute Order. But the Court also found that Plaintiff did not include a certificate of service with his response; so, it was not clear whether MVMT received a copy. *Id.* (citing Fed. R. Civ. P. 5(a)(1)). Accordingly, the Court reminded Plaintiff of his obligation to comply with all applicable rules to ensure that Defendant was served with copies of Plaintiff's filings. *See id.* Because Plaintiff is pro se, the Court provided him with "a final opportunity" to make any additional arguments in response to MVMT's motion to dismiss and/or compel arbitration by January 3, 2025. *Id.* That deadline elapsed, and Plaintiff did not file any additional response, so, on January 16, 2025, MVMT renewed its motion to dismiss and requested the Court dismiss this case because Plaintiff had not offered any substantive response to Defendant's motion to compel arbitration. *See generally* ECF 12.

On February 10, 2025, more than a month after his deadline, Plaintiff filed a supplemental response to MVMT's motion to dismiss and/or compel arbitration. In his supplemental response

3

he, again, asserted that he did not want this matter dismissed and, again, represented that he has proof of his claims relating to Defendant's conduct following his injury. ECF 13. Like his other filings, however, Plaintiff's supplemental response made no reference to the arbitration agreement MVMT contends he accepted. The following day, MVMT filed a reply to Plaintiff's supplemental response urging dismissal based upon Plaintiff's failure to provide any reason as to why the Court should not compel him to arbitrate his claims. ECF 14.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a contract requiring the arbitration of disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 520 (D.C. Cir. 2009) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement[,]" 9 U.S.C. § 4, *i.e.*, a motion to compel arbitration.

The District of Columbia Circuit has instructed that motions to compel arbitration should be evaluated under Federal Rule of Civil Procedure 56's summary judgment standard "as if it were a request for summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865 (D.C. Cir. 2008) (internal quotations and citations omitted). The party seeking to compel arbitration bears the burden of proving that the other party agreed to arbitrate, *Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373 (D.C. Cir. 2020), and therefore "must first present evidence sufficient to demonstrate an enforceable agreement to arbitrate," *Fox v. Comput. World Servs.*

4

*Corp.*, 920 F. Supp. 2d 90, 96 (D.D.C. 2013) (internal quotations and citations omitted). If the moving party makes that showing, "[t]he burden then shifts to the non-moving party to raise a genuine issue of material fact as to the making of the agreement." *Id.* The Court will grant the motion to compel arbitration "if the pleadings and the evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

### III.     ANALYSIS

MVMT has met its burden of establishing that Plaintiff's claims are subject to the arbitration agreement. MVMT has submitted evidence proving that Plaintiff contractually agreed to submit certain disputes to arbitration and that Plaintiff's claims are covered by that agreement. *See* ECF 3. Despite multiple prompts from the Court to respond to Defendant's motion, Plaintiff has not made any arguments disputing that the agreement is valid or that he accepted it.[1] Accordingly, the Court grants MVMT's motion to compel arbitration and stays this matter pending any arbitration proceedings. MVMT's motions to dismiss in the alternative are denied as moot given the Court's determination that this case should be stayed. The Court explains the bases for its decision below.

### A. Plaintiff Agreed to Arbitrate

"[A]rbitration is a matter of contract," *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986), so the "threshold issue" is whether the parties entered into a valid and

---

[1] To be clear, the Court is not granting MVMT's motion because Plaintiff did not submit declarations or other evidence in opposition to the motion. The Court is granting the motion because Plaintiff did not make any arguments about (or even reference) the arbitration agreement at all. Accordingly, Plaintiff does not dispute that he accepted the terms of the arbitration agreement and does not make any arguments about why he should not be bound by it. And the Court warned Plaintiff of his obligation to respond to all arguments in Defendant's motion. *See* ECF 4 at 1. Had Plaintiff raised any issues or arguments concerning the arbitration agreement, because he is pro se, the Court would have considered those arguments or even held a hearing to receive any additional evidence. But Plaintiff has not provided the Court with anything, so the Court is left with an arbitration agreement that reflects Plaintiff's acceptance and a sworn declaration confirming is authenticity and validity.

binding arbitration agreement, *RDP Techs., Inc. v. Cambi AS*, 800 F. Supp. 2d 127, 138 (D.D.C. 2011). To determine "whether the parties agreed to submit disputes to arbitration, courts apply 'ordinary state-law principles that govern the formation of contracts.'" *Slaughter v. Nat'l R.R. Passenger Corp.*, 460 F. Supp. 3d 1, 6 (D.D.C. 2020) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under D.C. law, "[a] contract is formed when there is an offer, an acceptance, and valuable consideration" exchanged between the parties. *Dixon v. Midland Mortg. Co.*, 719 F. Supp. 2d 53, 57 (D.D.C. 2010) (citing *Paul v. Howard Univ.*, 754 A.2d 297, 311 (D.C. 2000)). Here, MVMT has presented "evidence sufficient to demonstrate an enforceable agreement to arbitrate" because each element to find a binding contractual agreement is satisfied. *Fox*, 920 F. Supp. 2d at 96.

MVMT has satisfied the first element because it has submitted evidence that it presented Plaintiff with a conditional offer of employment that was predicated on accepting the arbitration agreement. ECF 3-3 at 3. The second element is also satisfied because MVMT's evidence establishes that Plaintiff accepted this offer by acknowledging its terms and choosing not to opt out of the agreement. *See* ECF 3-2 ¶¶ 5–7; ECF 3-4 at 4; *see also, e.g.*, *Osvatics v. Lyft, Inc.*, 535 F. Supp. 3d 1, 11 (D.D.C. 2021) (finding valid acceptance of agreement to arbitrate in a contract that required party to select "I Agree" and then opt out to avoid arbitration). Plaintiff offers nothing to the contrary. And as to the third element, the Court finds that the parties exchanged sufficient consideration because they mutually agreed to submit disputes to arbitration. *See* ECF 3-4 at 1–4; *see also Gipson v. CVS Health*, No. 23-CV-02655, 2024 WL 1485967, at *3 (D.D.C. April 5, 2024) (citing *3511 13th St. Tenants' Ass'n v. 3511 13th St., N.W. Residences, LLC*, 922 A.2d 439, 443 (D.C. 2007) ("[A] promise is a sufficient consideration for a return promise"); *Shatteen v.*

*Omni Hotels Mgmt. Corp.*, 113 F. Supp. 3d 176, 181 (D.D.C. 2015) (finding that "mutual agreements to arbitrate are independently sufficient forms of consideration")).

### B. The Arbitration Agreement Covers Plaintiff's Claims

The Court also finds that the arbitration agreement covers Plaintiff's claims. In his complaint, Plaintiff alleges that MVMT discriminated against him by failing to accommodate his workplace injury and unlawfully terminating him. ECF 1-1 at 2–3, 6. In his response, Plaintiff also asserts that MVMT allegedly engaged in other wrongdoing, including, by not "car[ing] about their employees" and failing to provide "proper safety gear[,]" fully functioning delivery vans, or overtime opportunities. ECF 8 at 1.

Although Plaintiff "does not ground his claims in a particular statute, the arbitration policy covers the possible sources." *Gipson*, 2024 WL 1485967, at *4 (finding that the plaintiff's generalized claims of discrimination fell under the applicable arbitration agreement). Notably, the arbitration agreement covers claims involving:

> (i) Title VII of the Civil Rights Act of 1964 and similar state statutes; (ii) Age Discrimination in Employment Act and similar state statutes; (iii) Fair Labor Standards Act or similar state statutes; (iv) Family and Medical Leave Act or similar state statutes; (v) Americans with Disabilities Act or similar state statutes; (vi) injuries you believe are attributable to the Company under theories of product liability, strict liability, intentional wrongdoing, gross negligence, negligence, or respondeat superior; . . . (xi) issues regarding benefits, bonuses, wages, penalties, co-employment, or joint employment; (xii) contracts between you and the Company; (xiii) personal or emotional injury to you or your family; (xiv) federal, state, local, or municipal regulations, ordinances, or orders; (xv) any common law, or statutory law issues relating to discrimination by sex, race, age, national origin, sexual orientation, family or marital status, disability, medical condition, weight, dress, or religion or other characteristic protected by applicable law; [and] (xvi) wrongful retaliation of any type, including retaliation related to workers' compensation laws or employee injury benefit plan actionable at law or equity;

ECF 3-4 at 1. This language is inclusive of Plaintiff's claims as they sound in disability discrimination, involve claims about MVMT's intentional wrongdoing or negligence against employees, as well as raise potential issues regarding overtime and other benefits, among other allegations.

### C. The Court Will Stay Proceedings Pending Arbitration

That leaves the final question of whether to dismiss this matter or to stay it. In *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024), the Supreme Court held that if a district court finds that a lawsuit involves an arbitrable dispute and a party has requested a stay of that lawsuit pending arbitration, 9 U.S.C. § 3 compels the court to issue a stay and the court lacks discretion to dismiss the suit. Here, Plaintiff has not explicitly requested a stay of proceedings, in fact, he has failed to weigh in on the arbitrability of his claims altogether. That said, he has repeatedly opposed dismissal of his case which, given his pro se status, could be interpreted as a request for a stay. Out of an abundance of caution, the Court will stay these proceedings pending arbitration rather than dismiss Plaintiff's case at this juncture.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that MVMT's motions to dismiss, ECF 3, 12, are **DENIED** without prejudice, and it is further

**ORDERED** that MVMT's motion to compel arbitration, ECF 3, is **GRANTED**, and Plaintiff is thus **DIRECTED** to submit his dispute to arbitration, as required by the operative arbitration agreement, ECF 3-4, and it is further

**ORDERED** that this matter is **STAYED** pending the outcome of arbitration. The Parties shall file (separate) status reports with the Court every 90 days from the date of this order to provide an update on the status of arbitration proceedings.

**SO ORDERED**.

Date:  February 18, 2025                              _____
                                                                          JIA M. COBB
                                                              United States District Judge